**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

---

No. 1:26-mc-01700

---

**BigHit Music Co., Ltd.,**
*Movant,*

v.

**X Corp.,**
*Respondent.*

---

## ORDER

BigHit Music Co., Ltd., a Korean company, applies under 28 U.S.C. § 1782 for an unopposed *ex parte* order authorizing limited discovery on X Corp. for use in a future civil lawsuit in the Republic of Korea. *See* ECF No. 1 at pp. 1–2. More specifically, BigHit Music seeks to serve a subpoena to discover from X personal identifying information of a user who allegedly posted unauthorized, leaked, and unreleased songs, lyrics, concept art, and cover images of a Korean artist group managed by BigHit Music, BTS, so that BigHit Music can identify that user and pursue legal action. The Court grants BigHit Music's application.

Based on the evidence presented by BigHit Music, the Court finds that the application satisfies the required statutory criteria. The statute mandates that: (1) the person from whom discovery is sought reside or be found in the district in which the application is filed; (2) the discovery be for use in a proceeding before a foreign tribunal; and (3) the application be made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (per curiam). Here, X Corp. resides in Bastrop County, which is in

the Austin Division of the Western District of Texas, the discovery will be for use in a civil proceeding in the Republic of Korea, and BigHit Music qualifies as an interested person as the future plaintiff in the Korean litigation. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247, 256–59 (2004) (noting that litigants are an example of interested persons and section 1782(a) is not limited to pending or imminent adjudicative proceedings so long as the proceeding is in reasonable contemplation).

Even when an application satisfies these three statutory criteria, the statutory text states only that a Court *may* grant the application. 28 U.S.C. § 1782(a) ("The district court . . . may order . . . ."). That is, the Court has discretion. The Supreme Court has identified four non-exclusive factors to consider when exercising this discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome[.]" *Intel Corp.*, 542 U.S. at 264–65.

On the current record, these considerations support granting the application. The first consideration supports granting the application because X Corp. will not be a party to the Korean litigation and thus is not "amenable to discovery in the foreign forum" without the aid of section 1782. *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022). The second consideration supports granting the application because, at least based on the current record, the

proposed foreign proceeding appears to be ordinary civil litigation before a tribunal that would consider relevant evidence produced in response to the requested order. The third consideration supports granting the application because there is currently no "persuasive showing" that BigHit Music is seeking to circumvent the foreign tribunal's discovery methods and restrictions. *In re Application of Oasis Focus Fund LP*, No. 1:23-cv-00239-DII, 2023 WL 6278882, at *4 (W.D. Tex. Sept. 26, 2023) (explaining that this consideration asks whether the foreign rules "*prohibit* the acquisition or use of certain materials" (quoting *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015))), *report and recommendation adopted sub nom. In re Oasis Focus Fund LP*, No. 1:23-cv-239-DII, 2023 WL 7238594 (W.D. Tex. Nov. 2, 2023).

The fourth consideration also supports granting the application because the request is not unduly burdensome on its face. Rather, the request appears to be narrowly tailored to obtain personal identifying information, such as the names, addresses, contact information, and IP addresses of the user at issue—a request that has been found to be sufficiently tailored in similar circumstances. ECF No. 1–2 at p. 5; *see, e.g.*, *In re Bandai Namco Music Live Inc.*, No. 24-mc-80058-BLF, 2024 WL 1078429, at *4 (N.D. Cal. Mar. 12, 2024). That X Corp. does not oppose the motion also supports finding that the request is not unduly burdensome.

That the *Intel Corp.* considerations all point in one direction is not necessarily dispositive because those considerations are non-exhaustive. Other considerations may have considerable sway in some cases, and in this case, the First Amendment looms in the background given that "it is well-settled that the First Amendment protects a publisher's and an author's 'decision to remain anonymous.'" *In re Gliner*, 133 F.4th 927, 933 (9th Cir. 2025) (quoting *McIntyre v. Ohio*

*Elections Comm'n*, 514 U.S. 334, 342 (1995)). But, at least at this juncture, the Court need not resolve the extent to which any First Amendment rights may alter the section 1782 analysis because there is no reason to believe the user for which BigHit Music seeks identifying information has any First Amendment rights. After all, "foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution," *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020), and there is no evidence the at-issue user is a United States citizen or in the United States. The Court, therefore, grants BigHit Music's unopposed application.

* * *

## Conclusion

1. BigHit Music's application for an order authorizing discovery for use in foreign proceedings is GRANTED.
2. BigHit Music may serve the subpoena attached to its application as Exhibit A on X Corp. A copy of this Order and the Application must be served along with the subpoena;
3. Upon service of the subpoena, X Corp. must preserve all information sought by the subpoena until it is produced or an order is entered permitting its destruction;
4. No later than ten (10) days after service of the subpoena, X Corp. must notify all account users whose personal identifying information is sought by the subpoena that their personal identifying information is being sought by BigHit Music;
5. No later than twenty-one (21) days after service of the subpoena or notice of the subpoena, as

applicable, X. Corp. and each account user whose information is sought may file a motion to quash or modify the subpoena; and

6. If no motion to quash or modify the subpoena is filed within the time period prescribed above, as applicable, X. Corp. is ordered to disclose the information sought by the respective subpoena to BigHit Music within three (3) days after the expiration of the prescribed period.

*So ordered by the Court on August 5, 2026.*

ANDREW DAVIS
United States District Judge